Alfredo Muñoz Rodríguez, recurrente, *v.* El Registrador de la Propiedad de Caguas, recurrido.

No. 708.—*Sometido:* Febrero 21, 1928. *Resuelto:* Marzo 6, 1928.

Partición o División—Por Actos de las Partes—División de Comunidad—Inscripción—Defectos Subsanables—Falta de Inscripción Previa a Favor de Uno de los Condueños.—Cuando dos condóminos, uno de los cuales tiene su condominio inscrito y el otro no, proceden por escritura pública a dividir la finca, el título de división es inscribible con el defecto subsanable de no hallarse inscrito el condominio del condueño que participa en la división.

Nota de *Lemuel Márques,* R. (Caguas), denegando la inscripción de una escritura de división de bienes. *Revocada.*

J. A. *Hernández Pérez,* abogado del recurrente; el registrador recurrido compareció por escrito.

El Juez Asociado Señor Texidor, emitió la opinión del tribunal.

Alfredo Muñoz Rodríguez tenía inscrito en el Registro de la Propiedad de Caguas un condominio de 75.937 cuerdas de terreno sobre una finca de 86.33 cuerdas de otra en el término municipal de San Lorenzo, siendo el otro condueño por 10.393 cuerdas Carlos Torres Villafañe, cuyo derecho no se halla inscrito. La inscripción a favor de Muñoz Rodríguez fué practicada a virtud de una resolución de la Corte de Distrito de Humacao.

En 17 de noviembre de 1927, por escritura pública otorgada ante el notario don J. A. Hernández Pérez, Alfredo Muñoz Rodríguez y Carlos Torres Villafañe procedieron a

dividir entre ellos la finca rústica a que se viene haciendo referencia; y presentada la primera copia de esa escritura al Registro de la Propiedad de Caguas para inscripción de la finca que correspondió a Muñoz Rodríguez, el registrador denegó la inscripción por no hallarse inscrito el condominio de Torres Villafañe.

Contra esta nota denegatoria se ha promovido el presente recurso, en el que han comparecido Alfredo Muñoz Rodríguez, como recurrente, y el Registrador de la Propiedad de Caguas como recurrido.

En toda división de comunidad de bienes, hay una mutua enajenación de los derechos de los condueños sobre la parte de la finca o bienes que cada uno de ellos adquiere individual y específicamente. Por esa razón, parece necesario para el registro de la propiedad que las participaciones indivisas se hallen inscritas, para cumplir así el requisito de la previa inscripción, que es una de las bases fundamentales del sistema hipotecario, y a lo que responde el artículo 20 de la Ley Hipotecaria cuyo primer párrafo dice:

"Art. 20.—Para inscribir o anotar los títulos en que se transfiera o grave el dominio o la posesión de bienes inmuebles o derechos reales deberá constar previamente inscrito o anotado el derecho de la persona que otorgue o en cuyo nombre se haga la transmisión o gravamen."

En el mismo artículo, párrafo quinto, se dispone que cuando el derecho no resulte inscrito a favor de persona alguna, el registrador tomará anotación preventiva, si el interesado lo pide.

Este último párrafo del artículo 20 demuestra claramente que la falta de previa inscripción no es siempre insubsanable, ya que la falta de inscripción no significa que el derecho no exista, sino que no se ha llenado el requisito de la Ley Hipotecaria, que puede llenarse, subsanando el defecto.

La falta de previa inscripción ha sido calificada de maneras diversas; unas veces como insubsanable, y otras como subsanable, dependiendo de las circunstancias del caso. En

el presente tenemos una escritura, de la que aparece que en la finca de que se trata hay dos condueños, que son los que otorgan, si bien no aparece inscrita la participación de uno de ellos. La inscripción de la división en cuanto a Muñoz Rodríguez, que tiene su título en forma legal, no puede originar perjuicio; pero el título de división es indudablemente defectuoso, por no aparecer del registro el derecho del otro condueño, que participa en la división, cuya división entraña una enajenación de derechos.

La falta o defecto en este caso no puede calificarse de no subsanable; y la inscripción puede y debe hacerse con el defecto subsanable de no hallarse inscrito el condominio de Carlos Torres Villafañe. Y en ese sentido *se revoca la nota recurrida, y se ordena la inscripción con el dicho defecto.*