DOMINGO BONET Y SANTOS, recurrente, *v.* EL REGISTRADOR DE LA PROPIEDAD DE MAYAGÜEZ, recurrido.

No. 739.—*Sometido:* Noviembre 5, 1928. *Resuelto:* Noviembre 13, 1928.

*E. Báez Díaz,* abogado del recurrente; el registrador recurrido compareció por escrito.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

Muerto Antonio Rodríguez Vargas, casado con Nery Jusino y Almodóvar, fueron declarados herederos suyos sus menores hijos Camelia, Providencia, Ramón, Eloísa y Jaime. La viuda renunció su cuota hereditaria, y cierta finca de once cuerdas pertenecientes al matrimonio quedó inscrita en el registro, una mitad indivisa a nombre de la viuda y la otra mitad a favor de los hijos.

La viuda vendió a Domingo Bonet todos sus derechos y acciones por gananciales sobre la indicada finca de once cuerdas y sobre otra de cinco cuerdas también perteneciente al matrimonio.

Así las cosas, comparecieron ante notario de una parte la viuda en representación de sus menores hijos y de la otra Domingo Bonet y otorgaron una escritura de división de comunidad de bienes, adjudicándose a los menores la finca de cinco cuerdas con una casa en ella enclavada y a Bonet la finca de once cuerdas. Se dió un valor de seiscientos dólares a cada una de dichas fincas.

Presentada la escritura en el Registro a los efectos de inscribirla sólo en cuanto a la finca de once cuerdas, así lo hizo el registrador pero consignando como "defecto subsanable el no hallarse inscrita la participación que en la finca de cinco cuerdas tiene el señor Bonet."

No conforme Bonet interpuso el presente recurso gubernativo.

Sostiene el registrador en su alegato que se vió obligado a inscribir la escritura de que se trata a virtud de lo prescrito en el artículo 1027 del Código Civil, a saber: "Cuando los menores de edad están sometidos a la patria potestad y representados en la partición por el padre y en su caso por la madre, no será necesaria la intervención ni la aprobación judicial," pero que consignó el defecto subsanable apuntado en defensa de los intereses de los menores basándose en lo resuelto por este tribunal en el caso de *Muñoz* v. *El Registrador*, 37 D.P.R. 808.

En dicho caso esta corte, por medio de su Juez Asociado Sr. Texidor, se expresó así:

"En toda división de comunidad de bienes, hay una mutua enajenación de los derechos de los condueños sobre la parte de la finca o bienes que cada uno de ellos adquiere individual y específicamente. Por esa razón, parece necesario para el registro de la propiedad que las participaciones indivisas se hallen inscritas, para cumplir

así el requisito de la previa inscripción, que es una de las bases fundamentales del sistema hipotecario, y a lo que responde el artículo 20 de la Ley Hipotecaria cuyo primer párrafo dice:

"'Art. 20.—Para inscribir o anotar los títulos en que se transfiera o grave el dominio o la posesión de bienes inmuebles o derechos reales deberá constar previamente inscrito o anotado el derecho de la persona que otorgue o en cuyo nombre se haga la transmisión o gravamen.'

"En el mismo artículo, párrafo quinto, se dispone que cuando el derecho no resulte inscrito a favor de persona alguna, el registrador tomará anotación preventiva, si el interesado lo pide."

El recurrente trata de distinguir el caso de Muñoz, *supra,* de este que resolvemos, alegando que en dicho caso "se trataba de una sola finca perteneciente a dos condueños, de los cuales uno tenía inscrito y el otro sólo tenía mencionado su condominio."

No estamos conformes. En la propia escritura de división se dice que los documentos en que se basan los derechos de las partes se hallan pendientes de inscripción "advirtiendo yo, el notario, a las partes, que para que pueda ser inscrita la presente escritura deben inscribirse previamente los susodichos documentos."

Aunque sean dos las fincas, se trata de una sola transacción. Para que Bonet de acuerdo con el registro tenga el carácter de condueño de la finca de cinco cuerdas, debe inscribir su compra a la viuda lo mismo que la inscribió con respecto a la finca de once cuerdas. Si pudo celebrarse la división, es porque Bonet era dueño no sólo de la mitad de la finca de once cuerdas si que también de la de cinco. Ambas fincas constituyen el todo que se parte y se adjudica separadamente a cada condueño, y para que la inscripción de la transacción sea completa, debe abarcar las dos propiedades.

*Se confirma la nota recurrida.*